IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DOYCE WILLIAMS THOMPSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-185-O-BP |
| | § | |
| **CHARLES D. RUTHART,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Doyce Williams Thompson, proceeding *pro se*, has filed a civil case along with an application to proceed in forma pauperis ("IFP"). ECF Nos. 2. The undersigned was preliminarily assigned the case pursuant to 28 U.S.C. § 636(b) and Special Order No. 3. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Doyce Williams Thompson is the plaintiff. Plaintiff has named as defendant Charles D. Ruthart.

C.   LEGAL ANALYSIS

Plaintiff accompanied the complaint with a long-form application to proceed IFP under 28 U.S.C. § 1915 *et. seq.* ECF No. 2. After reviewing the application, the undersigned determined that Thompson had the financial resources to pay the filing and administrative fees and ordered him to do so by March 14, 2023. ECF No. 6. The order cautioned Thompson that if he failed to do

so, the undersigned would recommend that United States District Judge Reed O'Connor deny his application to proceed IFP and dismiss his case without prejudice under Federal Rule of Civil Procedure 41(b). *Id.* at 2. As of this date, Thompson has not paid the fees.

Whether to permit or deny an applicant to proceed IFP is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

In his financial affidavit, Plaintiff declares that he has an average monthly income of $3,200. ECF No. 2 at 1-2. The Court recognizes Plaintiff has listed a grown daughter and two grandchildren dependents. ECF No. 2 at 3. Even if so, the applicable poverty guideline for a family of four is $30,000. At a total income of $3,200 a month, Plaintiff's total annual household income of $38, 400 is over 25% above the poverty level for a family of four. Based on the information in the application, Plaintiff has sufficient resources to pay the filing and administrative fees. To file a civil action in district court, payment of a filing fee of $350 and an administrative fee of $52 is required. *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

Thus, after review and consideration of the application to proceed IFP (ECF No. 2), the undersigned finds that Judge O'Connor should deny the application to proceed IFP.

## RECOMMENDATION

It is, therefore, **RECOMMENDED** that Judge O'Connor **DENY** Plaintiff's application to proceed in forma pauperis. It is further **RECOMMENDED** that Judge O'Connor inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil

Procedure 41(b) unless Plaintiff pays to the clerk of Court the applicable filing and administrative fees of $402.00 within fourteen days or other deadline set by Judge O'Connor.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on March 21, 2023.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3